IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| JOHNNY LEE DAVIS, ) | Civil Action No. 4:06-cv-01422-CMC-TER |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | REPORT AND RECOMMENDATION |
| TIM RILEY, WARDEN; AND ) | |
| HENRY McMASTER, ) | |
| ATTORNEY GENERAL FOR ) | |
| SOUTH CAROLINA, ) | |
| ) | |
| Respondents. ) | |
| _____) | |

## I. PROCEDURAL BACKGROUND

Petitioner, Johnny Lee Davis ("petitioner/Davis), is an inmate at the Tyger River Correctional Institution. Petitioner, appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on May 10, 2006. Respondents filed a motion for summary judgment on August 7, 2006, along with a return and supporting memorandum. The undersigned issued an order filed August 8, 2006, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. No response was filed. On September 11, 2006, petitioner filed a motion for extension of time to respond to respondents' motion for summary judgment. (Doc. # 13). Pursuant to the Roseboro Order issued on August 8, 2006, petitioner had until September 11, 2006, to file a response to the motion for summary judgment. Petitioner's motion was granted and he was given until

---

[1] This habeas corpus case was automatically referred to the undersigned United States magistrate judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 19.02 (B)(2)(c), DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

October 2, 2006, to respond to respondents' motion for summary judgment.(Doc. # 15). Petitioner did not file a response.

On October 10, 2006, petitioner filed a second motion for extension of time to respond requesting until November 10, 2006, to file his response to the motion for summary judgment. (Doc. #15). This motion was GRANTED and petitioner was given until November 10, 2006, to file a response to respondents' motion for summary judgment pursuant to the Roseboro Order or his case may be dismissed for failure to prosecute pursuant to Rule 41b of the Federal Rules of Civil Procedure. Petitioner failed to file a response.

## II. RULE 41(B) DISMISSAL

A complaint may be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied, 493 U.S. 1084 (1990), and Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

(1)   the degree of plaintiff's responsibility in failing to respond;

(2)   the amount of prejudice to the defendant;

(3)   the history of the plaintiff in proceeding in a dilatory manner; and,

(4)   the existence of less drastic sanctions other than dismissal.

Davis v. Williams, 588 F.2d 69 (4th Cir. 1978).

In the present case, the petitioner is proceeding pro se so he is entirely responsible for his actions. It is solely through petitioner's neglect, and not that of an attorney, that no responses have been filed. Petitioner has not responded to respondent's motion for summary judgment or the court's orders requiring him to respond. Petitioner requested two extensions which were both granted and

petitioner still failed to file a response.  No other reasonable sanctions are available.  Accordingly, it is recommended that this action be dismissed pursuant to Fed. R. Civ. Proc. 41(b).

### III. CONCLUSION

As set out above, a review of the record indicates that the petition should be dismissed for failure to prosecute. It is, therefore,

RECOMMENDED that petitioner's petition be dismissed for failure to prosecute.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

November 27, 2006
Florence, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

3